UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 11-60175-CR-LENARD/O'SULLIVAN

UNITED STATES OF AMERICA,
    Plaintiff,
v.

LOUIS B. FUSSELL,
    Defendant.
and

FLORIDA STATE BOARD OF
ADMINISTRATION,
    Garnishee.
_____/

## ORDER

THIS MATTER came before the Court on defendant Louis B. Fussell's objections to the writ of garnishment issued to the Florida State Board of Administration. See Writ of Garnishment (DE# 44, 7/19/12). The defendant raised three objections to the writ of garnishment: (1) that the money is exempt from garnishment, (2) the defendant does not owe the amount the plaintiff states in the writ and (3) the garnishee did not answer the writ under oath. See Request for Hearing and Objections (DE# 46, 8/9/12). On February 25, 2013, the undersigned held a hearing on this matter and following that hearing permitted the parties to file a joint report concerning the amount of restitution presently owed by the defendant. The objections raised by the defendant are addressed in turn.

1.     The Money Is Exempt from Garnishment

With respect to the first objection, the defendant relies on Travelers Ins. Companies v. Fountain City Federal Credit Union, 889 F.2d 264 (11th Cir. 1989) (per curiam) to support his argument that the funds held by the Florida State Board of

Administration are exempt from garnishment. In Travelers, the Eleventh Circuit held that a judgment creditor could not garnish the judgment debtors' interest in a pension plan that was being terminated. Id. at 266. Travelers was a civil case and is not applicable to the criminal restitution judgment the government is seeking to satisfy here. On a criminal restitution judgment, the government is permitted to seize all of the defendant's property or rights to property that are not exempt from levy for taxes pursuant to section 6324(a) of the Internal Revenue Code of 1986. See 18 U.S.C. § 3613(a)(1) and (f). Thus, the government is permitted to seize the funds held by the Florida State Board of Administration in order to satisfy the restitution judgment against the defendant.

**2.      The Defendant Does Not Owe the Amount the Plaintiff States in the Writ**

As to the second objection, the amount of restitution owed, the defendant advised the Court at the February 25, 2013 hearing that the Social Security Administration had seized a certain sum of money from his bank account and applied it to his restitution judgment. Following the hearing, the Court ordered the parties to submit a joint report regarding the amount of restitution owed. See Order (DE# 61, 2/25/13). On March 18, 2013, the government filed the report unilaterally. See United States' Status Report (DE# 63, 3/18/13). The government indicates that after numerous attempts by telephone and email, it was unable to reach the defendant to discuss the report. Id. The government's report states that the principal balance remaining on the restitution judgment is **$234,093.20** and is supported by an authorized certification of a spreadsheet from the Social Security Administration. See Government's Exhibit A (DE# 63-1, 3/18/13). Accordingly, the issue of the amount of restitution presently owed by the defendant has now been resolved.

### 3. The Garnishee Did Not Answer the Writ under Oath

The defendant further objects to the writ of garnishment because the State Board of Administration of Florida did not answer the writ of garnishment under oath. See Response by Garnishee, Florida State Board of Administration to Writ of Garnishment (DE# 45, 7/26/12). On October 17, 2012, the Court ordered the garnishee to file a corrected response to the writ under oath. See Order (DE# 54, 10/17/12). The garnishee re-filed its answer under oath on October 19, 2012. See Response by Garnishee, Florida State Board of Administration Writ of Garnishment (DE# 57, 10/19/12). Thus, the third objection is now moot.

For the reasons stated herein, it is

ORDERED AND ADJUDGED that the defendant's objections to the Writ of Garnishment are **OVERRULED**. The Garnishee, State Board of Administration of Florida is hereby directed to pay **$234,093.20** from the Florida Retirement System ("FRS") Investment Plan in the name of Louis B. Fussell into the Restitution Fund. The State Board of Administration of Florida shall deposit a cashier's check in the amount of **$234,093.20** and made payable to "U.S. Courts" with the Clerk of Court, 400 North Miami Avenue, Miami, Florida 33128. The Clerk of the Court shall apply said money toward the outstanding restitution judgment entered against Louis B. Fussell in this case.

DONE AND ORDERED, in Chambers, at Miami, Florida this **19th** day of March, 2013.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record

Copies mailed by Chambers to:
Louis B. Fussell
235 NW 14 Court
Dania, FL 33004